1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Jonathan Williams,                              No. CV-14-02699-PHX-GMS

10                         Plaintiff,                **ORDER**

11   v.

12   E & K Corporation, et al.,

13                         Defendants.

14

15          Pending before the Court is the Motion to Dismiss and for a More Definite

16   Statement by Defendants the Union Brotherhood of Carpenters and Joiners of America,

17   Southwest Regional Council of Carpenters, Carpenters Local Union 1506, and William

18   Martin (collectively "Union Defendants").  (Doc. 21.)  For the following reasons, the

19   Court grants in part and denies in part the Union Defendants' motion.  Also pending

20   before the Court is the Motion to Dismiss by Defendant E&K.  (Doc. 22.)  For the

21   following reasons, the Court denies Defendant E&K's motion.

22                                    **BACKGROUND**

23          On December 16, 2014, Plaintiff Jonathan Williams filed a Complaint against

24   Defendants E&K, "United Brotherhood of Carpenters-Southwest Regional Council of

25   Carpenters Local 1506," William Martin, Rigo Melendez, and Does 1-10.  (Doc. 1.)

26   Williams alleged violations of Title VII of the Civil Rights Act of 1964 and asserted state

27   law claims for breach of contract, fraud, misrepresentation, and breach of trust.  On

28   February 6, 2015, the Court granted Williams's application to proceed without paying

1    fees and screened the Complaint pursuant to 28 U.S.C. 1915(e)(2).  (Doc. 7.)  That

2    February 6, 2015 Order dismissed some claims without prejudice and permitted other

3    claims to proceed.  (Doc. 7 at 14.)  The Order also dismissed the Doe defendants.  (*Id.*)

4        On March 30, 2015, Plaintiff filed a First Amended Complaint.  (Doc. 11.)

5    Because Williams is proceeding in forma pauperis, the Court again screened the First

6    Amended Complaint (hereinafter "Complaint") pursuant to 28 U.S.C. 1915(e)(2).  (Doc.

7    12.)  That April 6, 2015 Order dismissed some additional claims without prejudice and

8    permitted other claims to proceed.  (Doc. 12 at 8-9.)

9        The Union Defendants and E&K filed the pending motions to dismiss.  The Union

10   Defendants moved to dismiss Count 2 (a Title VII retaliation claim) and Count 5 (a claim

11   for fraud, misrepresentation, and breach of trust) and also moved for a more definite

12   statement clarifying which entities Williams intended to sue when he named "United

13   Brotherhood of Carpenters-Southwest Regional Council of Carpenters Local 1506"

14   which he thereinafter abbreviated to "Local 1506."  (Doc. 21.)  Defendant E&K moved to

15   dismiss Count 1 (a Title VII claim alleging race discrimination) and Count 3 (a breach of

16   contract claim).  (Doc. 22.)  However, in its Reply, E&K withdrew its motion to dismiss

17   as to Count 1.  (Doc. 32 at 1-2.)

18                                       **DISCUSSION**

19   **I.    Legal Standard**

20       "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  *Navarro v. Block*,

21   250 F.3d 729, 732 (9th Cir. 2001).  "In deciding such a motion, all material allegations of

22   the complaint are accepted as true, as well as all reasonable inferences to be drawn from

23   them."  *Id.*   However, "the tenet that a court must accept as true all of the allegations

24   contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556

25   U.S. 662, 678 (2009).

26       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

27   complaint must contain more than "labels and conclusions" or a "formulaic recitation of

28   the elements of a cause of action"; it must contain factual allegations sufficient to "raise a

1   right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

2   (2007).  A plaintiff must allege sufficient facts to state a claim to relief that is plausible

3   on its face.   *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff

4   pleads factual content that allows the court to draw the reasonable inference that the

5   defendant is liable for the misconduct alleged."  *Id*.  "The plausibility standard is not akin

6   to a 'probability requirement,' but it asks for more than a sheer possibility that a

7   defendant has acted unlawfully."  *Id.*

8        The Complaint of a pro se plaintiff "must be held to less stringent standards than

9   formal pleadings drafted by lawyers, as the Supreme Court has reaffirmed since

10  *Twombly.*"   *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations

11  omitted) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).  Courts continue to "have

12  an obligation where the petitioner is pro se, particularly in civil rights cases, to construe

13  the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Bretz v.*

14  *Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

15  **II.     Analysis**

16       **A.     Retaliation**

17       Williams alleged in Count 2 of his Complaint that in April 2014, he filed a charge

18  of discrimination against Local 1506, alleging that Local 1506 was discriminating against

19  him because he was African American.  (Doc. 11 at ¶ 30.)  Williams alleges that "[i]n

20  retaliation for the grievance filed by Williams, Local 1506 [through] Jerry Vlock and

21  other representatives conspired to harass Williams and prevent him from working in the

22  trade by imposing fines for rules violations in excess of four thousand dollars in

23  September of 2014."  (*Id.*)

24       The Union Defendants assert that "[t]here is nothing in [Count 2] setting forth why

25  Plaintiff believes the alleged discrimination in September 2014 was in retaliation for the

26  charge, rather than the continuation of the alleged [race-based] discrimination that began

27  in February 2013."  (Doc. 21 at 10.)

28       Magistrate Judge Bade addressed the sufficiency of Williams' retaliation claim in

1    her Order dated April 6, 2015.  (Doc. 12 at 5-6).  Judge Bade noted that the charge of

2    discrimination filed against Local 1506 "assert[ed] that on March 6, Senior Business

3    Representative Mike Hawk failed to provide Plaintiff with copies of the master labor

4    agreement and the grievance procedures," and that "Hawk told Plaintiff that he would not

5    dispatch Plaintiff because he had not paid his dues, and that he could not pay his dues

6    until he paid $4800 in fines."  (Doc. 12 at 6; *see* Doc. 11, Exh. C.)  Although the charge

7    also "alleges that Williams was the only black member of Local 1506, that Local 1506

8    dispatched Hispanic members instead of Plaintiff, and that Local 1506 dispatched non-

9    qualified members to jobs for which Plaintiff is qualified," Judge Bade concluded that

10   "the EEOC could reasonably have considered whether Local 1506 issued fines against

11   Plaintiff in retaliation for his charge of discrimination against it."  (*Id.*)  Judge Bade ruled

12   that Williams "sufficiently states a Title VII retaliation claim against Local 1506."  (*Id.*)

13   The Court reaffirms that ruling and denies the Union Defendants' motion to dismiss

14   Count 2.

15   **B.    Statute of Limitations for Breach of Contract Claim**

16   The Ninth Circuit has described preemption under section 301 of the Labor

17   Management Relations Act (LMRA), 29 U.S.C. § 185, as a "thicket," through which

18   "[t]here is no sure route," leaving courts to "hack our way through the tangled and

19   confusing interplay between federal and state law."  *Galvez v. Kuhn*, 933 F.2d 773, 774

20   (9th Cir. 1991).  There is a great deal of case law on the topic, but as the Ninth Circuit

21   has repeatedly noted, "familiarity with the subject matter has not bred facility."  *Cramer*

22   *v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001), *as amended* (Aug. 27,

23   2001); *Galvez,* 933 F.2d at 774.  "In reality, section 301 has been the precipitate of a

24   series of often contradictory decisions, so much so that federal preemption of state labor

25   law has been one of the most confused areas of federal court litigation."  *Galvez*, 933

26   F.2d at 776 (internal quotations omitted).

27   However, the Court need not hack its way through the section 301 preemption

28   thicket at this time.  Section 301 preemption establishes that this Court has jurisdiction

1    over the claim and that federal common law applies.  *Burnside v. Kiewit Pac. Corp.*, 491

2    F.3d 1053, 1059 (9th Cir. 2007) ("Congress charged federal courts with a mandate to

3    fashion a body of federal common law to be used to address disputes arising out of labor

4    contracts. . . . Once preempted, any claim purportedly based on a state law is considered,

5    from its inception, a federal claim, and therefore arises under federal law." (internal

6    citations omitted)).  Merely establishing that a claim otherwise grounded on state law is

7    preempted by section 301 and therefore arises instead under federal law does not by itself

8    advance an argument for dismissal.

9         Here, Defendant E&K argues that if Williams's breach of contract claim is

10   preempted by section 301, a six month statute of limitations applies to the claim.  In fact,

11   in a "straightforward suit under § 301 of the Labor Management Relations Act, 29 U.S.C.

12   § 185, for breach of a collective bargaining agreement," the suit is governed by the

13   analogous limitation period for breach of contract actions under state law because "an

14   action for damages caused by an alleged breach of an . . . obligation embodied in a

15   collective bargaining agreement . . . closely resembles an action for breach of contract

16   cognizable at common law."  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 162-

17   63 (1983); *see also Int'l Union, United Auto., Aerospace & Agr. Implement Workers of*

18   *Am. (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966) (applying six-

19   year statute of limitations for breach of contract actions under Illinois law to § 301 breach

20   of contract action).  The U.S. Supreme Court distinguished between cases that involve a

21   straightforward action for breach of contract and those that also allege that the union

22   represented the plaintiff unfairly in an arbitration proceeding:  "[Unlike] a

23   straightforward breach of contract suit under § 301 . . . a hybrid § 301/fair representation

24   claim, amounting to a direct challenge to the private settlement of disputes under the

25   collective-bargaining agreement . . . has no close analogy in ordinary state law."  *Id.* at

26   165.  As such, the Court held that "§ 10(b) of the National Labor Relations Act, which

27   establishes a six-month period for making charges of unfair labor practices to the NLRB"

28   applies to hybrid § 301/fair representation claims.  *Id.* at 169-70.

1    Here, Williams has not alleged a fair representation claim in his Complaint, so his

2    suit is not a hybrid but rather is "a straightforward breach of contract suit." *Id.* at 165.

3    Therefore, even assuming *arguendo* that the breach of contract claim arises under § 301,

4    the applicable statute of limitations is the analogous limitation period for breach of

5    contract actions under state law. *Id.* at 162-63.

6    In Arizona, the statute of limitations for breach of a written contract is six years,

7    Ariz. Rev. Stat. § 12-548, and the statute of limitations for breach of an oral contract is

8    three years, *id.* § 12-543. The U.S. Supreme Court has held that where a § 301 suit is

9    "not exclusively based upon a written contract" but also involves "separate hiring

10   contracts, frequently oral, between the employer and each employee," the appropriate

11   statute of limitations is the state statute of limitations for oral contracts. *Hoosier*, 383

12   U.S. 696, 707 ("[R]elatively rapid disposition of labor disputes is a goal of federal labor

13   law. Since state statutes of limitations governing contracts not exclusively in writing are

14   generally shorter than those applicable to wholly written agreements, their applicability to

15   § 301 actions comports with that goal.").

16   Thus, assuming without deciding that Williams's breach of contract claim against

17   E&K is preempted by § 301, the statute of limitations is three years. Williams alleges

18   breaches of the Southwest Drywall/Lathing Master Agreement in February 2013, May

19   2013, and September 2014. (Doc. 11 at ¶¶ 32-33.) His original Complaint was filed on

20   December 16, 2014. (Doc. 1.) His breach of contract action against E&K is therefore not

21   barred by the statute of limitations.

22   **C.    Count 5**

23   The Union Defendants move to dismiss Count 5 on the grounds that it is (1)

24   preempted by § 301 of LMRA, (2) preempted by ERISA, and (3) fails to state a claim

25   with the particularity required by Federal Rule of Civil Procedure 9(b). (Doc. 21 at 4-9.)

26   The first argument requires little attention, as the Union Defendants failed to assert

27   a reason why this Court should dismiss Count 5 even if it were found to be preempted by

28   § 301. As noted earlier in this Order, preemption under § 301 would establish that this

1   Court has jurisdiction over the claim and that federal common law applies, *Burnside,* 491

2   F.3d at 1059, but arguing that Count 5 is preempted and thus governed by federal law

3   does not by itself advance any argument for dismissal.

4        The Union Defendants' argument that ERISA preempts Count 5 is more availing

5   because the Supreme Court has declined to establish federal common law remedies for

6   state law claims preempted by ERISA.  *See Radici v. Associated Ins. Companies*, 217

7   F.3d 737, 743-44 (9th Cir. 2000) (quoting H.R.Rep. No. 101–247, at 55–56, *reprinted in*

8   1989 U.S.C.C.A.N. 1906, 1947–48, citing *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S.

9   41 (1987)) ("[T]he Supreme Court declined to fashion a Federal common law remedy for

10  improper processing of benefit claims, holding that ERISA's civil enforcement

11  provisions under section 502 were intended to be the exclusive remedies afforded to plan

12  participants and beneficiaries.").

13       "In ERISA, Congress set out to 'protect . . . participants in employee benefit plans

14  and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready

15  access to the Federal courts.'"  *Pilot Life*, 481 U.S. at 44 (quoting 29 U.S.C. § 1001(b)).

16  Under ERISA, "[a] civil action may be brought by a participant . . . to recover benefits

17  due to him under the terms of his plan, to enforce his rights under the terms of the plan,

18  or to clarify his rights to future benefits under the terms of the plan" or "to obtain other

19  appropriate equitable relief to redress" violations of "the terms of the plan."  29 U.S.C. §

20  1132(a)(1), (3).

21       "A provision of state law may 'relate to' an ERISA benefit plan, and may

22  therefore be preempted under § 514(a) [as set forth in 29 U.S.C. § 1144(a)]." *Marin Gen.*

23  *Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009); *see* 29

24  U.S.C. § 1144(a) (the relevant provisions of ERISA "shall supersede any and all State

25  laws insofar as they may . . . *relate to* any employee benefit plan described in section

26  1003(a) of this title and not exempt under section 1003(b)" (emphasis added)).  "To

27  summarize the pure mechanics of [§ 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B)]: If a state

28  law 'relates to employee benefit plans,' it is pre-empted [by the § 514(a) preemption

- 7 -

1    clause]." *Pilot Life*, 481 U.S. at 45.  "Stated another way, where the existence of an

2    ERISA plan is a critical factor in establishing liability under a state cause of action, the

3    state law claim is preempted." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190

4    (9th Cir. 2010) (internal quotations omitted).  "ERISA's preemption provision functions

5    even when the state action purports to authorize a remedy unavailable under the federal

6    provision." *Id.*

7        The Union Defendants assert that "[t]he Southwest Carpenters Vacation Trust

8    ('Vacation Trust') is an employee welfare benefit plan within the meaning of Section

9    3(1) of ERISA [at] 29 U.S.C. § 1002(1)." (Doc. 21 at 7.)  Williams did not contest this

10   assertion in his Response.  Therefore, to the extent that Williams alleges that "Defendants

11   Martin and Local 1506 have withheld information and issued misrepresentative

12   statements to Williams regarding his vacation funds held in trust by the Southwest

13   Carpenters Vacation Trust," Williams's claim "relates to" an employee benefit plan and

14   is therefore preempted by ERISA.  *Pilot Life*, 481 U.S. at 45.

15       Thus, Williams can seek redress for his withheld vacation funds only by alleging a

16   claim under ERISA.  29 U.S.C. § 1132.  Although paragraphs 42 and 43 of Williams's

17   complaint are listed under the heading of state law claims ("Fraud, Misrepresentation,

18   and Breach of Trust"), Williams explained in his Complaint that he consulted the section

19   entitled "Enforce Your Rights" on page 21 of the Vacation Trust Summary Plan, which

20   stated that he could enforce his rights by suing in state or federal court. (Doc. 11 at ¶ 43.)

21   Construing the Complaint liberally and affording Williams the benefit of the doubt as a

22   pro se plaintiff, *Bretz*, 773 F.2d at 1027 n.1, the Court interprets paragraphs 42 and 43 of

23   the Complaint as stating a claim under ERISA.

24       To the extent that the Complaint purports to state a claim for the state law torts of

25   fraud, misrepresentation, and breach of trust relating to his vacation benefits, such a claim

26   is dismissed.

27       Paragraph 41 of Williams's Complaint alleges a different set of facts—that

28   "Defendants Martin and Local 1506 intentionally misrepresented the requirements for

1    Williams to transfer his right to work to the state of Nevada, representing that Williams

2    would have to pay all fines and penalties and wait six months prior to being eligible for

3    any transfer to Nevada." (Doc. 11 at ¶ 41.) Nothing in this allegation is related to a

4    benefits plan, and therefore a claim based on the allegations in paragraph 41 is not

5    preempted by ERISA. *Cf. Pilot Life*, 481 U.S. at 45. Moreover, the Union Defendants

6    did not address the allegations in paragraph 41 in their motion to dismiss.

7    　　　The Union Defendants further argue that Count 5 should be dismissed for alleging

8    fraud by failing to "state with particularity the circumstances constituting fraud or

9    mistake." Fed. R. Civ. P. 9(b). However, the Union Defendants only addressed the

10   allegations in paragraphs 42-43 in their argument for dismissal under Rule 9(b). The

11   state fraud claim based on the facts alleged in paragraphs 42-43 has already been

12   dismissed as preempted by ERISA. Because the Union Defendants did not argue that the

13   facts alleged in paragraph 41 fail to state a claim with particularity pursuant to Rule 9(b),

14   the Court will not address the matter at this time.

15   　　　The Court therefore denies the Union Defendants' motion to dismiss Count 5 of

16   the Complaint to the extent that Count 5 alleges the facts stated in paragraph 41. The

17   Court grants the motion to dismiss all state law causes of action based on the facts stated

18   in paragraphs 42 and 43. However, to the extent that paragraphs 42 and 43 set forth a

19   federal claim under ERISA, the Court will consider those factual allegations.

20   　　　**D.    Clarification of Parties to the Suit**

21   　　　The Union Defendants moved for a more definite statement under Federal Rule of

22   Civil Procedure 12(e) because Williams sued the "United Brotherhood of Carpenters-

23   Southwest Regional Council of Carpenters Local 1506," which he thereinafter

24   abbreviated as "Local 1506," and the Union Defendants required clarification regarding

25   whether Williams was suing the Union Brotherhood of Carpenters and Joiners of

26   America (UBC) and Southwest Regional Council of Carpenters (SWRCC) in addition to

27   Local 1506. (Doc. 21 at 12). Union Defendants stated that "if the UBC and/or the

28   SWRCC are also sued, they will move to dismiss as there are no allegations tying any of

1   the alleged acts to either entity." (*Id.* at 12).  Union Defendants did not, however, include

2   their argument in favor of dismissal of the UBC and the SWRCC in their motion to

3   dismiss.

4         In Williams's Response, he clarified that he is suing the UBC and the SWRCC in

5   addition to Local 1506.  (Doc. 29 at 11-12.)  He explained that "Local 1506 is an agent of

6   SWRCC.  Both SWRCC and Local 1506 are agents of UBC . . . and ultimately all are

7   responsible in this matter." (*Id.* at 11.)

8         The Union Defendants advanced their argument in favor of dismissal of UBC and

9   SWRCC for the first time in their Reply.  (Doc. 30 at 8-9.)  As such, the Court will not

10  consider the merits of this argument.  *See Delgadillo v. Woodford,* 527 F.3d 919, 930 n.4

11  (9th Cir. 2008) ("Arguments raised for the first time in [the] reply brief are deemed

12  waived."); *Marlyn Nutraceuticals, Inc. v. Improvita Health Prods.,* 663 F.Supp.2d 841,

13  848 (D. Ariz. 2009) ("The Court need not consider Defendants' position . . . since it was

14  first raised in their reply brief . . . [and] even if the argument has merit, this Court cannot

15  appropriately consider it, since Plaintiffs did not have the opportunity to respond.").

16                                    **CONCLUSION**

17        Williams has clarified that by naming "United Brotherhood of Carpenters-

18  Southwest Regional Council of Carpenters Local 1506" in his Complaint, he is bringing

19  suit against three entities:  UBC, SWRCC, and Local 1506.  The Court will not consider

20  the Union Defendants' argument that the UBC and SWRCC should be dismissed because

21  the argument was advanced for the first time in their Reply.

22        Williams has sufficiently stated a Title VII retaliation claim against UBC,

23  SWRCC, and Local 1506, and therefore the Union Defendants' motion to dismiss Count

24  2 is denied.

25        The Union Defendants did not address the allegations in paragraph 41 in their

26  argument for dismissing Count 5, and Williams's fraud, misrepresentation, and breach of

27  trust claim as it relates to paragraph 41 stands.  The Court dismisses all state law claims

28  based on the facts alleged in paragraphs 42 and 43 as preempted by ERISA.  However,

1   the Court construes the allegations in paragraphs 42 and 43 of the Complaint as raising a

2   claim under ERISA.

3        Williams's breach of contract action against E&K is not time-barred, and therefore

4   E&K's motion to dismiss is denied.

5        **IT IS THEREFORE ORDERED** that the Motion to Dismiss and for a More

6   Definite Statement by Defendants the Union Brotherhood of Carpenters and Joiners of

7   America, Southwest Regional Council of Carpenters, Carpenters Local Union 1506, and

8   William Martin (collectively "Union Defendants") (Doc. 21) is **GRANTED IN PART**

9   **AND DENIED IN PART**.

10       **IT IS FURTHER ORDERED** that the Motion to Dismiss by Defendant E&K

11  (Doc. 22) is **DENIED**.

12       Dated this 2nd day of February, 2016.

13

14       _____
         Honorable G. Murray Snow
15       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28